# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AISHA BIGGS-MCINTYRE | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| JOSEPH B. EDLOW, Director | ) Docket No.: 25-cv-7094 |
| U.S. Citizenship and Immigration Services, | ) |
| | ) |
| KRISTI NOEM, Secretary | ) |
| U.S. Department of Homeland Security, | ) |
| | ) |
| *Defendants* | ) **PLAINTIFF'S PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiff, Aisha Biggs-McIntyre ("Ms. Biggs-McIntyre" or "Plaintiff" hereinafter), by and through the undersigned counsel, respectfully bring this Petition for Writ of Mandamus and Complaint for Declaratory and Injunctive Relief to compel Defendants Joseph B. Edlow ("Defendant Edlow") and Kristi Noem ("Defendant Noem") (collectively "Defendants"), and those acting under them, to adjudicate Plaintiff's pending Form I-485, *Application to Register Permanent Residence or Adjust Status*.

### PRELIMINARY STATEMENT

1. Plaintiff is the spouse of a United States citizen who is the beneficiary of an approved Form I-130, *Petition for Alien Relative*, classifying her as a "immediate relative" and making her immediately eligible to adjust status to Lawful Permanent Resident ("LPR").

2. Ms. Bigg-McIntyre filed her I-485 application on August 11, 2022; her application has remained pending for approximately three and half years without a final decision.

3. The currently posted processing times for family-based I-485 applications at the Brooklyn Field Office (the office with jurisdiction over Ms. Biggs-McIntyre's application) is 14.5 months. (Exhibit D – Printout of USCIS Case Status Online).

4. Ms. Biggs-McIntyre's I-485 application ***has been pending for 40.5 months*** – almost three times the currently posted processing time.

5. Plaintiff is entitled to a decision on her pending application. The undue delay and improper withholding of statutorily mandated adjudications of pending applications, presents an ongoing violation of the Administrative Procedures Act ("APA"), 5 U.S.C. § 555 *et seq*. and § 701 *et seq*.; the Immigration Nationality Act § ("INA"), INA § 245(a) (8 U.S.C. § 1255(a); 8 C.F.R. § 245.1(a).

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to the following provisions: 28 U.S.C. § 1331 (due to the presence of questions of federal law); 28 U.S.C. § 1361 (Mandamus Act); 5 U.S.C. § 701 et seq. (Administrative Procedure Act ("APA")), and 28 U.S.C. § 2201 (Declaratory Judgment Act ("DJA")). Plaintiff has exhausted all administrative remedies.

7. This Court also has jurisdiction to issue a Writ of Mandamus to compel agency action pursuant to 28 U.S.C. § 1361, since Plaintiff's claims are against officers and employees and/or agencies of the United States and Plaintiff seeks to compel Defendants to perform a mandatory ministerial duty.

8. There are no administrative remedies available to Plaintiff to redress her grievances described in this Writ and Complaint. This action challenges Defendants' procedural policies, practices, interpretations of law and/or their actions or failures to act. This action does not challenge the discretionary power to grant or deny individual petitions or applications. For this reason, the jurisdictional limitations under 5 U.S.C. § 701(a)(2) and 8 U.S.C. § 1252 do not apply.

9. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(e)(1)(C), as defendants are officers, employees, and/or agencies of the United States; the Plaintiff resides in the Eastern District of New York; and no real property is involved in the action. *See* 28 U.S.C. § 1391(e)(1)(C).

## PARTIES

10. Plaintiff Aisha Biggs-McIntyre (hereinafter referred to as "Ms. Biggs-McIntyre" or "Plaintiff") is a resident of Brooklyn, NY.

11. Defendant Joseph B. Edlow is the Director of the United States Citizenship and Immigration Services (hereinafter referred to as "USCIS"), a component sub-agency within the U.S. Department of Homeland Security that is charged with the overall administration and adjudication of immigration benefits and services. USCIS is responsible for processing and adjudicating immigration applications, including, but not limited to Plaintiff's Form I-485, *Application to Register Permanent Residence or Adjust Status*. This suit is brought against Defendant Edlow in his official capacity.

12. Defendant Kristi Noem is the Secretary of the United States Department of Homeland Security (hereinafter referred to as "DHS"), which is the agency responsible for the

administration and enforcement of the immigration laws of the United States, including the processing and adjudication of Plaintiff's Form I-485, *Application to Register Permanent Residence or Adjust Status*. This suit is brought against Defendant Noem in her official capacity.

## STATEMENT OF THE FACTS

13. Plaintiff was born on February 2, 1978, in Jamaica.

14. Plaintiff resides at 434 Sapphire Street in Brooklyn, New York.

15. On August 11, 2022, Defendants received Plaintiff's Form I-485 *Application to Register Permanent Residence or Adjust Status*. (Exhibit A – I-485 Receipt Notice).

16. Plaintiff's I-485 application is predicated on her approved I-130 petition as the spouse of a United States citizen. (Exhibit B – I-130 Approval Notice)

17. As the spouse of a United States citizen, Plaintiff has an immediately available visa and is eligible to adjust status at any time. *See*, 8 U.S.C. §1151(b)(2).

18. Nonetheless, Plaintiff's I-485 application has been pending for over 3 years without a final adjudication.

19. USCIS most recent online case status for Plaintiff's application states that: "As of December 28, 2023, your Form I-485 Application to Register Permanent Residence or Adjust Status, Receipt Number IOE917275430 is still being processed. We do not currently need anything from you but will contact you if we need additional information regarding your case." (Exhibit D – Printout of USCIS Case Status Online).

20. The current processing time for I-485 applications at the Brooklyn, New York Field Office is 14.5 months. (*See*, Exhibit C – Screenshot of Current I-485 Processing Time as Brooklyn Field Office).

21. Thus, according to USCIS, Ms. Biggs-McIntyre's I-485 Application has been pending for *over 2 years longer* than the current processing time.

22. Plaintiff has made unsuccessful attempts to have her application adjudicated.

23. Plaintiff has lawfully complied with all USCIS requests while awaiting the final adjudication of her application.

24. Nonetheless, to date, Defendants have failed to fully and properly the adjudication of Plaintiff's I-485 Application.

25. Accordingly, Plaintiff brings this action to seek redress from Defendant's unreasonable delays.

## LEGAL FRAMEWORK

**Standard Form I-485 Adjudicative Process**

26. Adjustment of status is a process that allows a person to become a Lawful Permanent Resident (LPR) without leaving the United States to obtain an immigrant visa at a U.S. Consulate or Embassy.

27. Applicants file for Adjustment of Status with USCIS by completing the *Form I-485, Application to Register Permanent Residence or Adjust Status* and attaching supporting documentation.

28. 8 U.S.C. § 1255(a) established the eligibility criteria for adjustment of status stating that the Attorney General or DHS Secretary may approve and adjustment of status application if": (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." *Id*.

29. Upon receiving the application, USCIS issues a receipt notice to the applicant, which indicates the application was received and assigns the application a receipt number.

30. Within 30 days of receiving the receipt notice, USCIS sends the applicant a notice to schedule the applicant for a biometrics appointment.

31. Upon completing the biometrics appointment, USCIS runs a background check on the applicant and continues to process the application.

32. Under 8 U.S.C. § 1571, Congress set out specific timetable for the processing of immigration benefit applications of no longer than 180 days after initial filing.

33. The final step to adjudicating the I-485 Application is an interview at USCIS. The interviewing officer inspects the application and ensures the applicant is not inadmissible.

34. If all the requirements are met, and an immigrant visa is allocated by the Department of Homeland Security, the I-485 application is approved.

35. Upon approval, the applicant is mailed a *Form I-551, Permanent Resident Card*.

36. If the applicant is found ineligible to adjust status, USCIS will deny the I-485 application. USCIS will mail a decision to the applicant providing a written decision detailing the specific reasons and grounds for the denial. *See*, 8 CFR § 103.3(a)(1)(i); USCIS PM Vol 7, Part A, Ch. 11.C.

## INJURY TO PLAINTIFF

37. Defendants' failure to properly adjudicate Plaintiff's I-485 Application is a willful act on the part of the USCIS in abrogation of their duty to fully adjudicate the I-485 Application. It is not a discretionary decision whether to adjudicate said application.

38. Defendants' inaction and delays have caused Plaintiff severe emotional, financial, and physical hardship.

39. Plaintiff will continue to suffer irreparable harm if Defendants are permitted to continue their dilatory conduct and failure to properly process and adjudicate Plaintiff's I-485 Application.

40. The injury suffered by Plaintiffs will be redressed if they prevail in this Writ of Mandamus.

41. Plaintiff has taken all administrative acts available to seek redress for her injuries.

**COUNT ONE**
**Mandamus Act**
**28 U.S.C. § 1361;**
**(As to all Defendants)**

42. The allegations set forth in Paragraphs 1-41 are repeated and incorporated as if fully set forth herein.

43. Defendants are severally and jointly charged with the mandatory responsibility to administer and implement the Immigration and Nationality Act ("INA").

44. Under 8 U.S.C. § 1571, Congress set out specific timetable of no longer than 120 days after initial filing for the processing of immigration status applications. *See also*, *Lidong Liu v. Chertoff*, 2008 WL 11343049, at *6 (W.D. Wash. Apr. 22, 2008) (citing 8 U.S.C. § 1571); *Konchitsky v. Chertoff*, 2007 WL 2070325, at *4 (N.D. Cal. July 31, 2007) (same); *Abbasfar v. Chertoff*, 2007 WL 2409538, at *3 (N.D. Cal. Aug. 21, 2007) (same).

45. Defendants are each severally and jointly responsible for the lawful adjudication of Plaintiffs' I-485 Application.

46. Defendants have a clear, non-discretionary duty to adjudicate in good faith all properly filed I-485 applications, including Plaintiff's I-485 application.

47. Defendants have unreasonably delayed and refused to perform their clear, non-discretionary duty of adjudicating Plaintiff's I-485 Application.

48. Plaintiff has a clear right to have her I-485 Application adjudicated in good faith pursuant to the INA and its implementing regulations.

49. 28 U.S.C. § 1361 dictates that district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff.

50. Pursuant to 28 U.S.C. § 1361, Defendants must be compelled to discharge their statutory duties owed to Plaintiff by rendering a proper and complete decision on her I-485 Application in accordance with the evidence in the record such that the decision will be fair and accurate.

## COUNT TWO
### Administrative Procedures Act
### (5 U.S.C. § 555; 5 U.S.C. § 701 et seq.)
### (As to all Defendants)

51. The allegations set forth in Paragraphs 1-50 are repeated and incorporated as if fully set forth herein.

52. Defendants' practices, interpretations of law, conduct and failure to act violate the APA as it constitutes agency action "unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1).

53. The APA further requires agencies "to conclude a matter presented to it" "within a reasonable time." 5 USC § 555(b) ("within a reasonable time, each agency shall proceed to conclude a matter presented to it"); *see also*, *Smith v. Spizzirri*, 601 U.S. 472, 472 (2024) (citations and quotes omitted) ("The statute's use of the word 'shall' creates an obligation impervious to [] discretion"); *Villa v. DHS*, 607 F. Supp. 2d 359, 365 (N.D.N.Y 2009) (noting that APA § 555(b) requires USCIS to adjudicate applications within a reasonable

time).

54. This Court has power under 5 U.S.C. § 706(1) "to compel agency action unlawfully withheld or unreasonably delayed."

55. Defendants are severally and jointly charged with the mandatory responsibility to administer and implement the Immigration and Nationality Act ("INA").

56. Defendants have failed to adjudicate Plaintiff's properly I-485 application which has been pending for over 40 months – which over 2 years longer that the posted case processing time for I-485 before the USCIS Brooklyn Field Office.

57. Plaintiff is entitled to relief pursuant to 5 U.S.C. § 706(1) to "compel agency action unlawfully withheld".

58. Defendants' failure to render a proper and complete adjudication of Plaintiff's I-485 Application clearly violates the APA and Congressional mandate under 8 U.S.C. § 1571.

59. Defendants have each contributed to unlawful and unreasonable delays of Plaintiff's I-485 Application.

60. Defendants are severally and jointly required by the INA and the APA to properly adjudicate Plaintiff's I-485 Application.

61. Defendants have failed to discharge their duty and properly adjudicate Plaintiff's I-485 Application in a manner that is in accordance with law.

62. Defendants' failure to act in accordance with governing law has caused Plaintiff to suffer and continue to suffer irreparable harm and damages. Plaintiff is accordingly entitled to declaratory, injunctive, and other relief.

## COUNT THREE
**Declaratory Judgement Act**
**28 U.S.C. § 2201**
**(Against All Defendants)**

63. The allegations set forth in Paragraphs 1-62 are repeated and incorporated as if fully set forth herein.

64. Defendants' failure to render a proper and complete adjudication of Plaintiff's I-485 Application is a violation of the APA and Congressional mandate under 8 U.S.C. § 1571.

65. As such, Defendants' unreasonable delay of Plaintiff's I-485 Application violates the INA and federal laws and regulations.

66. Accordingly, Plaintiff seeks a declaration to that effect under 28 U.S.C. § 2201 as Defendants have severally and jointly failed to discharge their mandated official duties.

67. As a result, Plaintiff has suffered and continues to suffer irreparable harm and damage entitling him to declaratory, injunctive, and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to grant the following relief:

A. Mandate that Defendants adjudicate Plaintiff's I-485 application in good faith and in accordance with all governing law;

B. Issue a writ of mandamus requiring Defendants issue a complete and final decision Plaintiff's I-485 application within 30 days;

C. Declare Defendants' delay in adjudicating Plaintiffs' I-485 application is unlawful and unreasonable under the APA;

D. Order Defendants to issue a final decision a complete and final decision Plaintiff's I-485 application within 30 days pursuant to APA 706(1);

E. If Plaintiff prevail, she will seek costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412. Accordingly, Plaintiff respectfully requests

  that the Court award reasonable costs and attorneys' fees; including, but not limited to, reasonable costs and attorneys' fees available under the Equal Access to Justice Act; and

F. Grant any other such relief as the Court may deem just and proper.


Dated: December 26, 2025

            By: s/Eric Hisey
               Eric Hisey, Esq.
               Barre Law LLC
               30 Broad Street, 14th Floor
               New York, NY 10004
               (646) 244-6637
               (917) 267-5550(facsimile)
               *Attorneys for the Plaintiff*